IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAY A. HERNANDEZ,                        )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )        Case No. 04-4153-SAC
                                         )
DONNIE GODWIN, et al.,                   )
                                         )
                    Defendants.          )

**ORDER**

This matter comes before the court on defendant System Painters, Inc.'s motion to dismiss (Doc. 11) and  plaintiff's motion for an extension of discovery deadline and for an order allowing counsel's withdrawal (Doc.14).[1]  These matters have bene fully-briefed, or the time for further briefing has expired, and are now ready for decision.[2]  Defendant Systems Painters, Inc. seeks to have the court dismiss plaintiff's claims against it as a sanction for

---

[1] Defendant System Painters, Inc.'s motion to dismiss, while dispositive in nature, was referred to the undersigned for report and recommendation by U.S. District Senior Judge Sam A. Crow on May 31, 2005 (Doc. 15).

[2] Defendant Systems Painters, Inc. filed a memorandum in support of its motion to dismiss (Doc. 12) on May 18, 2005.  Plaintiff filed a response in opposition to defendant's motion (Doc. 13) on May 27, 2005.  Defendant Systems Painters, Inc. incorporated a reply to plaintiff's response into its response to plaintiff's motion for extension of discovery deadline (Doc. 17) on June 3, 2005.
     Defendant Systems Painters, Inc. filed a response to the portion of plaintiff's motion seeking an order permitting withdrawal of plaintiff's counsel (Doc. 16) on June 3, 2005, in which it indicated that it did not oppose that portion of plaintiff's motion.
     Defendant Systems Painters, Inc. filed a response to the portion of plaintiff's motion seeking an extension of the discovery deadline (Doc. 17) on June 3, 2005, in which it opposed plaintiff's request for an extension of the discovery deadline.  Plaintiff has not filed any reply to defendant System's Painter, Inc.'s response, and the time to do so pursuant to D. Kan. Rule 6.1(d)(1) has now expired.

plaintiff's failure to participate in discovery.   Plaintiff seeks an order permitting his current counsel to withdraw from the case and an extension of the deadline for completion of discovery to permit him time to secure new counsel.  For the reasons set forth below, the court will defer decision on defendant Systems Painters, Inc.'s motion to dismiss and grant plaintiff's motion in part and deny it in part.

I.   Factual Background

This is an action for recovery of damages for alleged battery and retaliatory discharge arising from plaintiff's alleged employment with defendant Systems Painters, Inc.   Plaintiff, acting by and through his current counsel, commenced this action on October 15, 2004, by filing a petition in the district court of Riley county, Kansas.[3]   Defendant Systems Painters, Inc. removed the matter to this court on November 17, 2004.[4]   To date, there is no indication in the record that the other named defendant in this action, plaintiff's alleged former supervisor during his alleged employment with defendant Systems Painters, Inc. has ever been served or appeared in this case.

On January 13, 2005, the undersigned held a scheduling conference in this case by telephone at which both plaintiff and defendant Systems Painters, Inc. appeared by counsel.[5] During the scheduling conference, the parties agreed that each side would be entitled to seven depositions; that the depositions of parties, or parties designated representatives, would be

---

[3] *See* Petition, Attachment #1 to Notice of Removal, (Doc. 1).

[4] *See* Notice of Removal, (Doc. 1).

[5] *See* Scheduling Order, (Doc. 6) at p.1.

limited to five hours, and that all depositions would be governed by the written guidelines available on the court's Internet website.[6]   These agreements were memorialized in the court's scheduling order in the case, which was issued after the scheduling conference on January 13, 2005.[7]

On April 21, 2005, defendant Systems Painters, Inc. filed and served notice, via the court's CM/ECF system, that it would depose plaintiff at 10:00 a.m. on May 12, 2005, at the office of his counsel.[8]   On April 27, 2005, defendant Systems Painters, Inc. filed and served an amended notice for this same deposition, which maintained the same time and location.[9] During the evening of May 11, 2005, plaintiff's counsel left a voice message with the offices of counsel for defendant Systems Painters, Inc. indicating that plaintiff would not appear for the scheduled deposition.   Plaintiff's counsel left a later voice message confirming that plaintiff would not be appearing and indicating that plaintiff's counsel would be seeking to withdraw from the case.

II.   Discussion

A.   *Defendant Systems Painters, Inc.'s Motion to Dismiss*

Defendant System's Painters, Inc. seeks an order dismissing plaintiff's claims against it as a sanction for his failure to present himself for his deposition on May 12, 2005.   Fed. R.

---

[6] *Id.* at pp. 4 & 5.

[7] *Id.*

[8] Notice, (Doc. 9).

[9] Amended Notice, (Doc. 10).

Civ. P. 37 addresses the sanctions available for failure to make disclosure or cooperate in discovery and provides in pertinent part:

> (d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party. . . fails. . . to appear before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Rule 37(b)(2) provides the court "may make such orders in regard to the failure as are just" including:

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . . .

The Tenth Circuit Court of Appeals has stated, "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make."[10]   The decision whether to impose the sanction of dismissal is, therefore, left to the discretion of the trial court.[11]

"[D]ismissal represents an extreme sanction appropriate in cases of willful misconduct."[12]   "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant;   (4)

---

[10] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

[11] *Id.* ("Therefore, we review the district court's decision to dismiss under an abuse of discretion standard.").

[12] *Id.* (citations omitted).

whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[13]   "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[14]   "These factors do not constitute a rigid test; rather, the represent criteria for the district court to consider prior to imposing dismissal as a sanction."[15]   The court evaluates these factors based upon the record in the case.[16]

In this instance, there will be clear prejudice to defendant Systems Painters, Inc. and interference with the judicial process should plaintiff refuse to participate in discovery, including making himself available for the taking of his deposition.   Therefore, the first two factors militate in favor of the court recommending to the district judge that plaintiff's claims against defendant Systems Painters, Inc. be dismissed as a sanction for his failure to participate in discovery.

As the present dispute is the first indication that the court has received that plaintiff has not cooperated in discovery, the court has not had the occasion to provide plaintiff with a specific warning of the possibility of his case being dismissed if he failed to participate in discovery.   For the same reason, there is nothing in the record, upon which the court can base a belief that lesser sanctions would be ineffective to motivate plaintiff to participate.

---

[13] *Id.* at 921 (internal quotations and citations omitted).

[14] *Id.* (citation omitted).

[15] *Id.*

[16] *Id.*

Therefore, the   last two factors mitigate in favor of the court recommending to the district judge that defendant Systems Painters, Inc.'s motion should be denied.

With regard to the remaining factor, the culpability of the litigant, plaintiff's counsel reports that there was a breakdown in communication between counsel and plaintiff that led to plaintiff's inability to be available at the time and place of his deposition.[17]   Plaintiff's counsel also reports, presumably for reasons related to this breakdown in communications, that plaintiff wishes to dispense with the services of his current counsel and secure new representation in his case."[18]   These representations suggest that plaintiff did not willfully refuse to provide himself for the taking of his deposition and, therefore, that plaintiff should not be considered to be culpable for the purposes of the decision to impose the sanction of dismissal.

After analysis of the five factors, the court is not prepared to recommend dismissal of plaintiff's claims to the trial judge at this time.   Instead the court will defer making a recommendation on the motion to dismiss and, as will be discussed in detail below, will provide plaintiff the opportunity to validate the impression that his failure was not willful.

B.   *Plaintiff's Motion for an Extension of Discovery Deadline and for an Order Allowing Counsel's Withdrawal*

Plaintiff seeks an order allowing his present counsel to withdraw from representation of him in this matter and an extension of the discovery deadline to permit him an opportunity

---

[17] Plaintiff's Response, (Doc. 13) at ¶ 7.

[18] *Id.*

to secure new counsel.   The procedure for withdrawal of counsel is specified in D. Kan. Rule

83.5.5, which provides in pertinent part:

> An attorney who has appeared in a case may withdraw in accordance with Rule
> 1.16 of the Model Rules of Professional Conduct. An attorney seeking to
> withdraw must file and serve a motion to withdraw on all counsel of record, and
> provide a proposed order for the court. In addition, the motion must be served
> either personally or by certified mail, restricted delivery, with return receipt
> requested on the withdrawing attorney's client. Proof of personal service or the
> certified mail receipt, signed by the client, or a showing satisfactory to the court
> that the signature of the client could not be obtained, shall be filed with the
> clerk. A motion to withdraw must specify the reasons therefor unless to do so
> would violate any applicable standards of professional conduct. Except when
> substitute counsel authorized to practice in this court has entered an appearance,
> withdrawing counsel shall provide evidence of notice to the attorney's client
> containing (1) the admonition that the client is personally responsible for
> complying with all orders of the court and time limitations established by the
> rules of procedure or by court order and (2) the dates of any pending trial,
> hearing or conference. Withdrawal shall not be effective until an order
> authorizing withdrawal is filed. The clerk shall mail a copy of the order to the
> party affected. Substitution of counsel admitted to practice in this court is
> authorized without an order of the court. Substitution of counsel may be
> accomplished by the filing of a pleading entitled "Withdrawal of Counsel and
> Entry of Appearance of Substituted Counsel" signed by the attorney withdrawing
> and the attorney to be substituted. Such pleading shall be served pursuant to Fed.
> R. Civ. P. 5(b) on the client and all counsel of record in the case.

The instant motion fails to comply with the local rule in that it contains no evidence that

it was served upon the client, that the client was admonished as to his personal responsibility

for compliance with all applicable orders and rules of the court and time limits established

thereby, or that the client was apprised of the dates of any pending deadlines or hearings.

Because of these failures to comply with the local rule, plaintiff's motion shall be denied

without prejudice with regard to the request for plaintiff's counsel to be allowed to withdraw.

-7-

With regard to plaintiff's request for an extension of the discovery deadline to permit him to secure new counsel, the court will grant that portion of his motion and will set out below the timing and requirements for plaintiff to obtain new representation.  Compliance with the procedure set forth in this order shall constitute the opportunity, described above, for plaintiff to demonstrate that his failure to participate in discovery giving rise to defendant Systems Painters, Inc.'s motion to dismiss was not willful.

**This order shall serve as plaintiff's warning that his claims against defendant Systems Painters, Inc. may be dismissed should he not obey this, or any, order of the court, or should he fail to participate in the discovery process.  Further, any failure to fully and timely comply with this order, shall be taken as evidence that any lesser sanction than dismissal will be ineffective to motivate plaintiff to fulfill his obligations in this case.  Therefore, in the event plaintiff does not fully and timely comply with the terms of this order, he will by his actions, have established that he is culpable in acting willfully to obstruct the progress of this case and the undersigned will recommend dismissal of his claims against defendant Systems Painters, Inc. to the district judge without further notice.**

III.   Conclusion

Based upon the foregoing, the court shall defer making a report and recommendation to the trial judge regarding defendant Systems Painters, Inc.'s motion to dismiss, shall deny plaintiff's motion for  withdrawal of his current counsel without prejudice, and shall grant plaintiff's motion for an extension of time to permit him to secure new counsel in this action.

-8-

**IT IS THEREFORE ORDERED:**

1.   That the court hereby defers ruling upon defendant Systems Painters, Inc.'s motion to dismiss (Doc. 11) until such time as plaintiff has either demonstrated full compliance with the instant order or failed to comply with the requirements of the instant order.

2.   That plaintiff's motion for an extension of discovery deadline and for an order allowing counsel's withdrawal (Doc.14) is hereby granted in part and denied in part without prejudice.

3.   That plaintiff's counsel shall have leave to file a new motion for withdrawal in compliance with D. Kan. Local Rule 83.5.5.  As part of that process, plaintiff's current counsel is expected to transmit a copy of the instant order to plaintiff and explain its ramifications upon his case.

4.   That all remaining deadlines in this case are hereby suspended.  The court anticipates holding a telephone status conference to formulate an amended scheduling order to govern the remainder of pretrial activities in this case, if necessary, once plaintiff has secured the representation of new counsel in this action.

5.   That plaintiff is granted leave to secure the entry of appearance by new counsel in this matter on or before **September 15, 2005**.  This deadline will only be extended upon a showing of good cause, which shall include a specific recitation of the efforts plaintiff has made to obtain new counsel prior to any such extension being requested.  Should plaintiff decide to proceed in this matter *pro se* or with the representation of current counsel, he shall notify the court immediately upon any such decision being made.

**IT IS SO ORDERED.**

Dated this 15th day of August, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge